NO. 07-11-00367-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 2, 2012

IN THE INTEREST OF M.S.F. AND M.S.F., CHILDREN

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-539,923; HONORABLE J. BLAIR CHERRY, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Amanda, appellant, is appealing an order of the trial court appointing Rex, appellee, as the joint managing conservator with the right to designate the primary residence of their children. Amanda appeals contending that the trial court abused its discretion by removing Amanda as the joint managing conservator with the right to designate the primary residence of the children and appointing Rex in her stead. We disagree with Amanda and will affirm the trial court's judgment.

Factual and Procedural Background

Amanda and Rex were married and, of this union, two girls were born, M.S.F. and M.S.F. Amanda's and Rex's marriage was terminated by divorce in June of 2008.

At the time the initial divorce was granted, Amanda and Rex were appointed joint managing conservators of the girls and Amanda had the right to designate the girls' primary residence. Rex was ordered to pay child support.

On January 11, 2011, Rex filed a motion to modify the parent-child relationship. Rex alleged that there had been a material and substantial change in the circumstances, and requested appointment as the person with the right to designate the primary residence of the girls. Additionally, Rex filed an affidavit in support of the petition and requested temporary orders naming himself as the temporary conservator of the children. The temporary matters were heard by the Associate Judge who maintained Amanda as the temporary managing conservator with the right to designate the primary residence of the children. The motion to modify was tried to the court without a jury on July 11, 2011.

At the trial on the merits, a substantial amount of testimony dealt with the fact that, since the divorce, Amanda had delivered two additional children without being married to the father of the children. Rex presented testimony that Amanda and Brian, the father of her two boys, began living together in July of 2009. One boy was born approximately five months after Brian moved in and a second boy was born approximately 10 months after the birth of the first. Rex presented significant testimony that such activity was not considered proper or moral.

However, this was not the only matter about which the trial court heard testimony. Since Brian moved in, Rex had noticed that the girls had become "closed off and confused, less playful and joyful, more quiet and reserved." Additionally, Rex

presented testimony that there were issues regarding proper medical care being given to the girls. As presented by Rex, much of the time, if the girls required medical treatment, Rex had to transport the girls to their respective doctors and seek the required medical treatment. Rex also presented testimony that the overall hygiene of the girls had suffered since the divorce and subsequent birth of the two boys. Rex also testified that, although he was current in his child support payments, on at least one occasion, he had to give Amanda money to buy food for the girls.

Amanda presented testimony from the girls' teachers that described the girls as bright, happy, and well cared for. Neither teacher had visited the girls in their home but both testified that Amanda attended the girls' school events and appeared to be an engaged parent. Amanda denied that there were any issues regarding obtaining medical treatment for the girls and further denied that there is any reason for concern about the girls' hygiene.

At the conclusion of the evidence, the trial court stated that there was evidence of a material change of circumstances since the entry of the previous order regarding conservatorship. Further, the trial court found that modifying the previous order and appointing Rex as the joint managing conservator with the right to designate the girls' primary residence would be in the best interest of the girls. Subsequently, the trial court entered a written order confirming its oral rendition.

Amanda requested findings of fact and conclusions of law from the trial court. The trial court entered these in a timely fashion. In the written findings of fact, the trial court found, as directly relates to the issues on appeal, that:

3

2. The circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of the rendition of the order to be modified.

3. The appointment of [Rex] as joint managing conservator who has the right to designate the primary residence of the children is in the best interest of the children.

Amanda then filed a motion for new trial which was overruled by operation of law. This appeal followed.

Amanda appeals contending that the trial court abused its discretion by entering an order modifying the prior order because the evidence was legally and factually insufficient. We disagree and will affirm.

Standard of Review

We begin with the statutory framework for a modification of a prior order that addresses terms and conditions of possession of and access to minor children. A trial court may order a modification of a prior order when modification would be in the best interest of the children and the circumstances of the children or conservator have materially and substantially changed since rendition of the prior order. See TEX. FAM. CODE ANN. § 156.101(a) (West Supp. 2012).[1] The best interest of the children shall always be the primary consideration of the court when considering issues of conservatorship. See § 153.002 (West 2008).

The Court reviews a trial court's ruling on a motion to modify under an abuse of discretion standard of review. Zeifman v. Michels, 212 S.W.3d 582, 587 (Tex.App.—

---

[1] Further reference to the Texas Family Code shall be by reference to "§ ____."

4

Austin 2006, pet. denied). Absent a clear abuse of discretion, the trial court's order modifying the prior order will not be disturbed on appeal. Id. (citing Gillespie v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982)). This is so because the trial court is in the best position to observe the witnesses and evaluate the witnesses' demeanor and credibility. Id.

A trial court abuses its discretion when it acts in an arbitrary and unreasonable manner without any regard to guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). There is generally, however, no abuse of discretion when there is some evidence to support the trial court's decision; thus, a trial court abuses its discretion when it could reasonably have reached only one decision and fails to do so. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). When applied to an abuse of discretion standard, traditional challenges to the legal and factual sufficiency of the evidence are not considered independent grounds of error, but rather, are relevant factors in assessing whether the trial court abused its discretion. Zeifman, 212 S.W.3d at 587.

Even though this is an appeal from a judgment modifying a prior order regarding possession and access to children, Amanda is attempting to appeal the sufficiency of the evidence. Generally, while findings of fact are reviewable for legal and factual sufficiency, an attack on the sufficiency of the evidence must be directed at specific findings of fact rather than at the judgment as a whole. In re An Unborn Child, 153 S.W.3d 559, 560 (Tex.App.—Amarillo 2004, pet. denied). If the trial court's findings of fact are not challenged by an issue on appeal they are binding upon the appellate court. See Nw. Park Homeowners Ass'n v. Brundrett, 970 S.W.2d 700, 704 (Tex.App.—

5

Amarillo 1998, pet. denied). However, a challenge to an unidentified finding of fact may be sufficient for review if we can fairly determine from the argument the specific finding of fact which is being challenged. Shaw v. County of Dallas, 251 S.W.3d 165, 169 (Tex.App.—Dallas 2008, pet. denied). Because we feel that we can fairly determine from the argument the specific findings being challenged, we will address these issues fully.

Analysis

Amanda attacks the sufficiency of the evidence to support that there has been a material and substantial change of circumstances to support the appointment of Rex as the joint managing conservator with the right to determine the primary residence of the girls. Amanda also contends the evidence does not support a finding that the change would be in the best interest of the girls. We will address both contentions in turn.

Material and Substantial Change in Circumstances

Amanda's position regarding the evidence to support the trial court's finding of a material and substantial change of circumstances is that the trial court considered evidence that centered almost exclusively on Amanda's marital status and religious beliefs. According to Amanda, this is not permissible. As authority for this proposition, Amanda cites the Court to the Texas Family Code. See § 153.003 (West 2008). The provision cited states:

> The Court shall consider the qualifications of the parties without regard to their marital status or to the sex of the party or the child in determining:
>
> 1) Which party to appoint as sole managing conservator;
> 2) Whether to appoint a party as joint managing conservator; and

6

3) The terms and conditions of conservatorship and possession of and access to the child.

However, such provision has not been held to bar a court from considering the affect of a parent's lifestyle and lifestyle choices upon the children when deciding matters of custody. In re Jameson, No. 07-02-0476-CV, 2004 Tex. App. LEXIS 1220, at *15-16 (Tex.App.—Amarillo Feb. 9, 2004, pet. denied) (mem. op., not designated for publication) (citing In re C.E.B., 604 S.W.2d 436, 442 (Tex.Civ.App.—Amarillo 1990, no writ) (noting that a parent's lifestyle is one of many factors the trial court can assess)). Further, Amanda has not cited us to any cases holding otherwise.

More problematic for Amanda is the fact that the trial court heard testimony that indicated that, since the divorce, there had been changed circumstances regarding the children. Specifically, the record reflects that, on at least one occasion since the divorce, Amanda had to request financial assistance from Rex to provide food for the girls. On several occasions since the divorce, Rex has been required to step in and ensure that the girls received proper medical care. The evidence presented to the trial court demonstrated that, since the divorce and the birth of two additional children, the level of attention and care shown to the girls has suffered. In one portion of the testimony, a scenario was outlined where the girls were required to sleep in the living room because the house had no heat. All of these matters were, of course, contested by Amanda with testimony that basically asserted that the incidents did not happen or were being taken out of context. However, it is the responsibility of the trial court to observe the witnesses and evaluate the witnesses' demeanor and credibility. Zeifman, 212 S.W.3d at 587. We will not second guess the trial court's evaluation nor can we

7

substitute our opinion of the evidence, even should we be inclined to do so. See George v. Jeppeson, 238 S.W.3d 463, 468 (Tex.App.—Houston [1st Dist.] 2007, no pet.). Because there was evidence before the trial court regarding change of circumstances and the view of that evidence is guided by the trial court's decision regarding the demeanor and credibility of the witnesses, we cannot find the trial court's decision was an abuse of discretion. Zeifman, 212 S.W.3d at 587.

Best Interest of the Girls

The review of the evidence set forth above is equally applicable to the trial court's finding that naming Rex as the joint managing conservator with the right to determine the girls' primary residence is in the children's best interest. From that review, we glean evidence that demonstrated Amanda's care of the children had become a concern. This is especially so in the area of ensuring that the girls received prompt and adequate medical treatment. Whether this is due to the competition for time created by the arrival of two additional children is something that the trial court could infer from the evidence heard. Because such an inference is supported by the record, we will not disturb it. Further, the question of whether the girls' hygiene had suffered was presented to the trial court in the testimony of witnesses. By our review of the evidence, we come to the conclusion that there is more than sufficient evidence that supports the trial court's determination that the girls' best interest is served by naming Rex as the joint managing conservator with the right to name the primary residence of the girls. See id. Because there is evidence to support the trial court's decision regarding the best interest of the children, the trial court did not abuse it's discretion. Walker, 827 S.W.2d at 839-40.

8

Abuse of Discretion

Having determined that the trial court had evidence before it to support its decision, and further, that the trial court applied the correct statutory scheme to the issues before it, the trial court could not have abused its discretion. Downer, 701 S.W.2d at 241-42. Accordingly, we overrule Amanda's issue.

Conclusion

Having overruled Amanda's issue, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice