

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-12-00190-CV
_____

In the Interest of H.M., a Minor Child

On Appeal from County Court at Law No. 4
Williamson County, Texas
Trial Court No. 08-3149-FC4, Honorable John McMaster, Presiding

June 24, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Kenneth Merka appeals from an order modifying the parent/child relationship. Kenneth and Colleen Alison Merka were appointed and remain joint managing conservators of their child H.M. As joint managing conservators, each parent had "the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child." Subsequently, Colleen petitioned to modify the decree establishing the conservatorship of H.M. This led Kenneth to request other modifications to the decree. The trial court entertained the pleadings via hearing and modified the decree in one respect that Kenneth found objectionable. He appealed asserting various complaints, but each encompasses the

modification affecting the child's education and who controls those decisions. We modify and affirm.

The pertinent standard of review is one of abused discretion. *In re M.S.F.,* 383 S.W.3d 712, 715 (Tex. App.–Amarillo 2012, no pet.). Furthermore, discretion is abused when the decision fails to abide by guiding rules and principles or is otherwise arbitrary. *Brinker v. Evans,* 370 S.W.3d 416, 421 (Tex. App.–Amarillo 2012, pet. denied). One of those rules entitles a trial court to alter the terms and conditions of a conservatorship when the modification is in the best interest of the child and a material and substantial change in circumstance has occurred. TEX. FAM. CODE ANN. § 156.101(a) (West Supp. 2012). Another provides that the rights and duties of a parent appointed as a conservator may be limited "if the court makes a written finding that the limitation is in the best interest of the child." *Id.* § 153.072 (West 2008). With this said, we turn to the dispute before us.

The portion of the trial court's order about which Kenneth complains is that stating:

> It is ORDERED that Colleen . . . and Kenneth . . ., as joint managing conservators, shall have the right, subject to the agreement of the other parent conservator, to make decisions regarding whether the child is home schooled or attends public school or private school. It is further ORDERED that if the child attends public school, Kenneth . . . shall have the exclusive right to determine where the child attends public school. It is further ORDERED that with respect to all other educational decisions, Colleen . . . shall have the exclusive right to make such decisions.

Kenneth posits that neither material or substantially changed circumstances nor the best interest of the child authorized the trial court to vest Colleen with the exclusive right to make all educational decisions for H.M. except for those few matters mentioned in the order, which include those relating to whether the child is home schooled, educated

2

in public or private schools, and the particular public school in which the child may be educated. In addressing that contention, we note the following.

First, one cannot reasonably deny that the provision in question limited Kenneth's right as a joint managing conservator to address his child's educational issues and needs. Prior to the amendment, he had the same right as did Colleen to participate in the determination of all of them. Now he may only decide what public school the child can attend if both parents jointly agree to send her to a public school. Consequently, the modification fell within the ambit of § 153.072. Yet, nowhere did the trial court make "a written finding that the limitation [was] in the best interest of the child." Thus, the decision violated that statutory requirement.

Second, had the omitted finding been made, we would have found no evidentiary support of record. Again, the alteration effectively gave Colleen absolute authority to control the child's education. Why the trial court deigned to do that is unknown; it executed neither findings of fact nor conclusions of law, despite Kenneth's repeated requests for same. Moreover, Colleen had not expressly petitioned the trial court for that right. Instead, the proposed modifications she specifically sought pertained to access, possession, support and health insurance. Nothing was said about changing the identity of who could control the child's education. This is somewhat problematic for normally a party cannot be granted relief in absence of a pleading to support the request. *Binder v. Joe,* 193 S.W.3d 29, 32 (Tex. App.–Houston [1st Dist.] 2006, no pet.).

Yet, even if the trial court was authorized to engage in modifications *sua sponte*, no evidence of record indicates that there arose substantial or material changes regarding the child's education. No evidence indicates that the parents were unable to jointly decide how the child was to be educated. No evidence of record indicates that

3

the child's education was being materially hampered in any way because both parents had a say into the matter. Admittedly, there is testimony that Kenneth had become engaged, that his fiancee had a child attending the same school as her prospective stepdaughter, that his fiancee attended various of the child's school functions at which the child's biological mother (Colleen) also appeared, that his fiancee purported to act as the parent of the child at times, and that the child became stressed and confused when both Colleen and the fiancee were present. Yet, other evidence revealed that Kenneth admonished his fiancee to forego attending school functions at which Colleen also appeared and to simply act in a supporting role and as a role model. Colleen cites us to nothing of record (nor did we find anything of record) suggesting that the fiancee ignored or otherwise violated the admonishments. Nor did we find evidence of record indicating that the child's purported stress and confusion was long term, affected the quality of her education, had adverse effect on her grades or educational experience, or continued after her father sought to address the issue via his admonishments.[1]

Similarly missing is any evidence suggesting why the *fiancee's* interaction with the child at school or intermittent involvement in the child's education warranted an utter denial of *Kenneth's* right to participate in the educational decisions of his child. Nor does it seem that the decision took into account practical circumstances such as the fact that the child lives with Kenneth and because of that he, not Colleen, will be exposed to the daily educational issues experienced by his child. Yet, he can address them only at the risk of being vetoed later by Colleen.

Simply put, our review of the record disclosed no evidence of substantially or materially changed circumstances regarding H.M.'s education or that vesting Colleen

_____

[1]We say "purported stress and confusion" since Colleen's testimony about that stress and confusion was conclusory.

with the rather exclusive authority to dictate the child's education is in H.M.'s best interest. This, coupled with the trial court's failure to comply with § 153.072 and the absence of any request that the change be made, leads us to conclude that the trial court failed to comport with guiding rules and principles and abused its discretion.

Accordingly, we modify the order and remove from it the provision stating that it is "ORDERED that with respect to all other educational decisions, Colleen . . . shall have the exclusive right to make such decisions." In all other respects, the order is affirmed.

Brian Quinn
Chief Justice