

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00131-CV

_____

IN THE INTEREST OF N.L.M.-B., A CHILD

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2012-504,544; Honorable William R. Eichman II, Presiding

July 31, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In July 2015, the trial court entered its *Final Order in Suit Affecting the Parent-Child Relationship*, in which it appointed Appellee, the Texas Department of Protective and Regulatory Services, as permanent sole managing conservator of N.L.M.-B. Appellant, D.B., the child's father, was named possessory conservator.[1] Seven months later, the Department filed its petition to modify conservatorship alleging that circumstances had materially and substantially changed. Trial was to a jury which

---

[1] The child's mother voluntarily relinquished her parental rights and the order terminated her rights.

found that the child's maternal grandfather, J.M., should be named permanent sole managing conservator. Based on the jury's verdict, the trial court signed its *Order Modifying Parent-Child Relationship* naming J.M. as permanent sole managing conservator and continuing D.B. as possessory conservator. D.B. challenges that order by a sole issue questioning the sufficiency of the evidence to establish a material and substantial change in circumstances between the 2015 order and the modification order. He does not challenge the best interest finding. We affirm.

BACKGROUND

In 2012, the child was removed from her home based on her mother's neglectful supervision and drug use. The Department eventually placed the child with her maternal grandfather.[2] During the pendency of the case, D.B. was incarcerated after his community supervision for driving while intoxicated was revoked. He began serving a five-year sentence on October 30, 2013.

After the Department filed its motion to modify conservatorship and have the child's maternal grandfather appointed sole managing conservator, D.B. countered with a *pro se* petition for joint managing conservatorship and to dismiss appointment of the maternal grandfather as sole managing conservator. Two months later, with assistance of counsel, D.B. filed his *Counter-Petition to Modify Parent-Child Relationship*. By his petition, he recited, "[t]he circumstances of the child, a conservator, or other party affected by the order to be modified *have* materially and substantially changed since the date of rendition of the order to be modified." (Emphasis added).

---

[2] The child's two younger half-brothers were living with the grandfather and were eventually adopted by him.

At trial, the child's caseworker testified to what she believed to be material and substantial changes which would support modification of conservatorship. Other witnesses included the child's maternal grandfather, D.B., his mother, and his girlfriend. Each testified in support of their respective positions regarding modification of conservatorship. The jury found in favor of the Department and the trial court's order reflects the jury's verdict.

APPLICABLE LAW

The trial court may modify a prior conservatorship order if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since rendition of the prior order. TEX. FAM. CODE ANN. § 156.101(a)(1)(A) (West 2014). There are no fixed guidelines as to what constitutes a material and substantial change in circumstances. *See In re N.R.T.*, 338 S.W.3d 667, 679 (Tex. App.—Amarillo 2011, no pet.).

The burden to establish a material and substantial change in circumstances by a preponderance of the evidence falls on the party seeking modification, in this case, the Department. *Agraz v. Carnley*, 143 S.W.3d 547, 553 (Tex. App.—Dallas 2004, no pet.). A material and substantial change occurs when the party seeking modification demonstrates the conditions that existed at the time of entry of the prior order as compared to the circumstances existing at the time of the modification hearing. *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied).

STANDARD OF REVIEW

A jury's findings in a conservatorship case are reviewed under the ordinary legal and factual sufficiency standards.[3] *In re A.L.H.*, 515 S.W.3d 60, 80 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). In reviewing evidence for legal sufficiency, we view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). A factual sufficiency review requires us to examine the entire record and set aside a jury's finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *In re A.L.H.*, 515 S.W.3d at 80. The jury, as the fact finder, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *City of Keller*, 168 S.W.3d at 819. We may not substitute our judgment for that of the fact finder's even if we would reach a different answer on the evidence. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998), *cert. denied*, 525 U.S. 1017, 119 S. Ct. 541, 142 L. Ed. 2d 450 (1998).

A trial court's order modifying conservatorship is reviewed for abuse of discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Nichol v. Nichol*, No. 07-12-00035-CV, 2014 Tex. App. LEXIS 492, at *7 (Tex. App.—Amarillo Jan. 15, 2014, no pet.) (mem. op.). Absent a clear abuse of discretion, the trial court's order modifying the prior order will not be disturbed on appeal. *In re M.S.F. and M.S.F.*, 383 S.W.3d 712, 715 (Tex. App.—Amarillo 2012, no pet.).

---

[3] Essentially, a challenge to the sufficiency of the evidence in a family law matter is a component of an overarching abuse-of-discretion analysis. *Willett v. Rodriguez*, No. 03-16-00084-CV, 2017 Tex. App. LEXIS 5096, at *6 n.11 (Tex. App.—Austin June 2, 2017, no pet.) (mem. op.) (citing *Zeifman*, 212 S.W.3d at 587).

In reviewing a trial court's decision for abuse of discretion, we determine whether the trial court acted without reference to any guiding rules and principles or, alternatively, whether the trial court's actions were arbitrary and unreasonable based on the circumstances of the case. *Quixtar Inc. v. Signature Mgmt. Team*, *LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (citing *Downer v. Aquamarine Operators*, *Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). The fact that a trial court may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate an abuse of discretion. *Downer*, 701 S.W.2d at 242.

ANALYSIS

The Department raises several arguments in support of the trial court's order.[4] We find its argument that D.B. judicially admitted that material and substantial changes had occurred since rendition of the prior order to be dispositive.

An opposing party's pleadings can constitute a judicial admission that may substitute for evidence that has a "conclusive effect and bars the admitting party from later disputing the admitted fact." *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). D.B.'s allegation in his counter-petition precludes him from asserting on appeal that there were no material and substantial changes in the circumstances of the child, a conservator, or other affected party since rendition of the 2015 order. *See In the Interest of R.A.W.*, No. 07-13-00316-CV, 2015 Tex. App. LEXIS 3039, at *5 (Tex. App.—Amarillo March 27, 2015, no pet.) (mem. op.) (finding that mother had judicially admitted an essential element of the father's case for

---

[4] The Department argues that D.B. failed to preserve his factual sufficiency complaint by failing to file a motion for new trial. The Department also argues the evidence establishes that material and substantial changes occurred since rendition of the prior order. We need not reach these arguments.

modification).  Because D.B. did not challenge the best interest finding, our analysis need go no further.  D.B.'s issue is overruled.

CONCLUSION

The trial court's *Order Modifying Parent Child-Relationship* is affirmed.


Patrick A. Pirtle
Justice