

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-17-00274-CV and 07-17-00275-CV

**IN THE INTEREST OF T.A.L. AND C.E.L., CHILDREN**
**IN THE INTEREST OF T.S., A CHILD**

On Appeal from the 414th
McLennan County, Texas
Trial Court Nos. 2014-3451-5 and 2014-154-5, Honorable Joe Carroll, Presiding

August 14, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

In these two appeals of final orders in suits affecting the parent-child relationship, consolidated for this opinion, the appellant is W.L. (the father) and the appellee is B.A. (the mother).[1] We will overrule the father's appellate issues and affirm both final orders of the trial court.

---

[1] We will refer to the children and the parents by initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2017); TEX. R. APP. P. 9.8(b). In the trial court and this Court the father, a licensed attorney, appeared pro se. The mother was represented by counsel in all proceedings.

## Background

The father and the mother are the biological parents of T.A.L. and C.E.L. T.S. was placed in the care of the father and the mother, first by agreement of T.S.'s biological mother, and then through the Texas Department of Family and Protective Services. The parent-child relationship between T.S. and the child's biological parents was later terminated, and the father, the mother, and the Department were appointed joint non-parent managing conservators.

In April 2015, the father and the mother divorced. The proceeding carried trial court cause number 2014-3451-5. The decree appointed the father and the mother joint managing conservators of T.A.L. and C.E.L. with the mother given the exclusive right to designate the primary residence of T.A.L. and C.E.L. "within the City of Waco or cities adjacent thereto." The father was ordered to pay child support for T.A.L. and C.E.L. In July of that year, T.A.L., a teenager, chose to live with the father. The mother did not oppose the child's wishes. In January 2016, the mother remarried and transferred C.E.L. to another school.

Subsequently, the father petitioned the court to modify the divorce decree. He sought sole managing conservatorship of T.A.L. and C.E.L, the exclusive right to designate their primary residence, and a court order requiring the mother to pay him child support for the two children.

As for T.S., in trial court cause number 2014-154-5, the mother sought to modify the termination order by granting her the exclusive right to designate T.S.'s residence and make decisions regarding the child. The father filed a counterpetition asking to be named

sole managing conservator of T.S. or alternatively to be granted the right to designate the child's primary residence should joint managing conservatorship be retained.

The two modification cases were tried together to the bench through three December 2016 settings. After a hearing, final orders were signed April 3, 2017. In cause number 2014-3451-5, the trial court found it was in the best interest of T.A.L. and C.E.L. for the mother to have the right to designate the primary residence of C.E.L. and the father to have the right to designate the primary residence of T.A.L. The mother was ordered to pay child support for T.A.L. and the father was ordered to pay child support for C.E.L. In cause number 2014-154-5, the Department was dismissed before the final hearing began although a court-appointed attorney ad litem participated in the final hearing on T.S.'s behalf. The court found it was in the best interest of T.S. for the mother and the father to be appointed joint managing conservators of the child with the mother granted the exclusive right to designate T.S.'s primary residence. The father was ordered to pay the mother child support for T.S. Court-ordered child support for T.S. had not previously been required of either conservator. The final orders limited the residences of all three children to McLennan County.

Findings of fact and conclusions of law in both cases were requested by the father and filed by the court. The father timely filed notices appealing the trial court's order in both cases. Trial court cause number 2014-3451-5, concerning T.A.L. and C.E.L., bears appellate case number 07-17-00274-CV, while trial court cause number 2014-154-5, concerning T.S., bears appellate case number 07-17-00275-CV.

**Analysis**

*In re T.A.L. and C.E.L.,* **07-17-00274-CV**

On appeal the father complains the trial court abused its discretion by dividing or splitting the custody of T.A.L. and C.E.L. without finding clear and compelling reasons for the decision, and by failing to interview T.A.L. on the record in chambers.

*Divided Custody of T.A.L. and C.E.L.*

A court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification is in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of: the date of the rendition of the order; or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based. TEX. FAM. CODE ANN. § 156.101(a)(1)(A),(B) (West 2014). Family Code section 153.251(c) provides it is preferable to keep all children in a family together during periods of possession. TEX. FAM. CODE ANN. § 153.251(c) (West 2014). When determining issues of conservatorship and possession of and access to a child, the court's primary consideration must always be the best interest of the child. *See In re M.S.F. & M.S.F.,* 383 S.W.3d 712, 715 (Tex. App.—Amarillo 2012, no pet.) (citing TEX. FAM. CODE ANN. § 153.002).

An appellate court reviews child custody orders under an abuse of discretion standard. *In re A.C.S.,* 157 S.W.3d 9, 20 (Tex. App.—Waco 2004, no pet.). A trial court abuses its discretion when it acts without reference to any guiding rules or principles; that

4

is, when it acts in an arbitrary and unreasonable manner. *In re S.M.R.,* No. 10-15-00093-CV, 2016 Tex. App. LEXIS 13222, at *18 (Tex. App.—Waco Dec. 14, 2016, pet. denied) (mem. op.). In a bench trial, the trial court as factfinder is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Id.* Absent a clear abuse of discretion, the trial court's order modifying the prior order will not be disturbed on appeal. *In re M.S.F.,* 383 S.W.3d 712, 715 (Tex. App.—Amarillo 2009, no pet.); *Zeifman v. Michels,* 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied) (citing *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex. 1982)).

For his contention that the trial court abused its discretion by dividing the custody of T.A.L. and C.E.L. without finding clear and compelling reasons, the father cites *Coleman v. Coleman,* 109 S.W.3d 108, 112 (Tex. App.—Austin, 2003, no pet.) and *Ex parte Simpkins,* 468 S.W.2d 908, 909 (Tex. Civ. App.—Amarillo, 1971, no writ), along with cases from other courts of appeals. The mother, on the other hand, argues whether children will always be together during periods of possession is but a factor in the ultimate best-interest determination and cites authority supporting that view. *See Ditraglia v. Romano,* 33 S.W.3d 886, 890 (Tex. App.—Austin 2000, no pet.); *MacDonald v. MacDonald,* 821 S.W.2d 458 (Tex. App.—Houston [14th Dist.] 1992, no writ) (stating split custody is one of many factors to consider in determining the best interest of the child); *In re K.B.K.,* No. 11-12-00155-CV, 2014 Tex. App. LEXIS 3433, at *10 (Tex. App.—Eastland Mar. 27, 2014, no pet.) (mem. op.) ("The [Family] Code contains no requirement that a party show or trial court find 'clear and compelling reasons' for separating children during periods of possession"). In this case, transferred to us from the Tenth Court of

5

Appeals, we will follow the mother's cited cases.[2] *See In re M.H.,* 319 S.W.3d 137, 154 (Tex. App.—Waco 2010, no pet.) (citing *In re K.L.R.,* 162 S.W.3d 291, 306 (Tex. App.—Tyler 2005, no pet.) ("[s]plit custody of two or more children of the same marriage is a factor, among many, to consider in determining the best interest of a child"); *see also Gardner v. Gardner,* 229 S.W.3d 747, 754 (Tex. App.—San Antonio 2007, no pet.) (noting Family Code does not require showing or finding of clear and compelling reasons for separating children during periods of possession; rather, primary consideration is child's best interest). That the trial court did not express "clear and compelling" reasons for its decision on possession of T.A.L. and C.E.L. does not demonstrate it abused its discretion. The father has not analyzed or otherwise shown in his brief how the trial court's custody determination was not in the best interest of T.A.L. and C.E.L.

*Failure to Interview T.A.L. in Chambers*

Within the father's argument is a subsidiary claim that the trial court abused its discretion by failing to interview T.A.L. in chambers. By written motion the father requested the trial court to interview T.A.L. in chambers on the record. In a nonjury trial or at a hearing on a party's application the court shall interview in chambers a child twelve years of age or older to determine the child's wishes as to conservatorship or as to the person to be granted the exclusive right to determine the child's primary residence. TEX. FAM. CODE ANN. § 153.009(a) (West 2014). "On the motion of a party . . . the court shall cause a record of the interview to be made when the child is 12 years of age or older. A record of the interview shall be part of the record in the case." TEX. FAM. CODE ANN.

---

[2] *See* TEX. R. APP. P. 41.3 (precedent in transferred cases).

6

§ 153.009(f).  It is not disputed that at the time of final hearing T.A.L. was over twelve years of age.  Yet, the interview was not conducted, possibly because the mother stipulated that the father had "primary conservatorship of [T.A.L.] and that issue [was] not in dispute."  But even if the trial court abused its discretion by not interviewing T.A.L. in chambers, we are unable to determine whether the father was harmed by the error.  TEX. R. APP. P. 44.1(a).  An offer of proof demonstrating the expected discussion between the court and T.A.L. was not made part of the record.  *See In re N.W.,* No. 02-12-00057-CV, 2013 Tex. App. LEXIS 11862, at *29 (Tex. App.—Fort Worth Sept. 19, 2013, no pet.) (mem. op.) (finding where appellant did not make an offer of proof as to what the child would have said to the trial court in an interview, appellate court could not determine whether trial court's refusal was harmful).

For the reasons stated, the father's appellate complaints are overruled.

### In re T.S., 07-17-00275-CV

*Fatal pleading omission or trial of child support issue by implied consent?*

In his appeal of the court's order regarding T.S., the father presents a single issue. He contends the court abused its discretion by ordering him to pay child support for T.S. because the mother filed no pleading requesting child support, and, he argues, the issue was not tried by implied consent.

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."  TEX. R. CIV. P. 67; *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.,* 184 S.W.3d 760, 771 (Tex. App.—Dallas 2005) (noting however the rule allowing issues tried by

7

express or implied consent to be treated as though actually alleged by live pleadings applies only if the record demonstrates the issue was actually tried). An issue not raised by a party's pleading may be tried by consent if evidence on the issue was developed under circumstances indicating the parties understood the issue was part of the case and the other party failed to properly complain. *Johnson v. Oliver,* 250 S.W.3d 182, 186 (Tex. App.—Dallas 2008, no pet.). However, when the evidence of an unpleaded matter is relevant to pleaded issues, the evidence could not be expected to elicit an objection so the unpleaded matter is not tried by consent. *Moneyhon v. Moneyhon,* 278 S.W.3d 874, 879 n.6 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Trial by implied consent "is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties tried the unpleaded issue. It is not intended to establish a general rule of practice and should be applied with care, and in no event in a doubtful situation." *Jay Fikes & Associates v. Walton,* 578 S.W.2d 885, 889 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.); *Libhart v. Copeland,* 949 S.W.2d 783, 797 (Tex. App.—Waco 1997, no writ) (stating trial by implied consent is limited to exceptional cases where the parties "clearly" tried an unpleaded issue). The court determines whether an issue was tried by implied consent by examining the record, not for evidence of the issue, but for evidence of trial of the issue. *Beck v. Walker,* 154 S.W.3d 895, 901 n.3 (Tex. App.—Dallas 2005, no pet.). "When both parties present evidence on an issue and the issue is developed during trial without objection, any defects in the pleadings are cured at trial, and the defects are waived." *Ingram v. Deere,* 288 S.W.3d 886, 893 (Tex. 2009).

In the present matter, it is undisputed that the mother filed no pleading requesting court-ordered child support for T.S. The focus therefore moves to whether the support

issue was tried by implied consent. The father argues it was not because the same evidence supporting child-support orders for T.A.L. and C.E.L. also supported a child-support order for T.S., hence he had no obligation to object during the final hearing. The mother disagrees, pointing to portions of the final hearing reporter's record containing her specific mention of court-ordered child support for T.S.

We find the final hearing record, from beginning to end, shows the child support issue for T.S. was tried by implied consent. During opening statement, the mother's counsel explained the mother sought medical and child support for T.S. On direct examination, the mother agreed with her attorney that if the father was appointed a conservator for T.S. it would be in T.S.'s best interest for the court also to order him to pay child support and medical support for T.S. While on cross-examination by the attorney ad litem for T.S., the mother responded to a question concerning handling the children's expenses in the expected final order by stating, "I don't know that we're changing that in any way. I know that we're asking for child support for [T.S.] . . . ." Later, during redirect examination, when asked whether she was concerned about the father's willingness to provide financially for T.S., the mother acknowledged her concern and agreed she believed the father would not provide financially for T.S. unless ordered by the court. In closing argument, counsel for the mother reiterated "[the mother is] requesting that [the father] pay child support for both [C.E.L. and T.S.]." Counsel continued that the mother requested any amount of child support she might be ordered to pay for T.A.L. be offset from the amount the father would be ordered to pay for C.E.L. and T.S. Following argument, the court verbally rendered its final order. A discussion among the attorneys and the court followed concerning the order's terms. When asked

9

by the father concerning any changes as to his rights to C.E.L., the court explained, "this is the first time that I know of that there's ever been an order that you have to support [T.S.]." To this the father responded, "Okay." Still later in the conference, without complaint, the father asked the court to state the amount of his monthly support obligation. The mother's counsel responded, stating the ordered amount for C.E.L. and T.S.

During his narrative testimony the father mentioned the court would be asked to assess child support "one way or the other," and that he sought sole conservatorship of the three children and an order compelling the mother to pay him child support for each of the three children. The court could have believed the father thereby expressed his understanding that the issue of child support in favor of the mother for T.S. was at issue.

The mother's presentation of her request for child support for T.S. was separate from issues of support for T.A.L. and C.E.L. and was not relevant to other pleaded issues. Notwithstanding the mother's clear annunciation of her request for an order requiring the father to pay child support for T.S., the father did not object until months after trial during post-trial proceedings leading to the written judgment. Because the issue of the father's obligation to pay child support for T.S. was tried by implied consent, the trial court did not abuse its discretion in ordering such support from the father. *See Guillory v. Boykins,* 442 S.W.3d 682, 691 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (finding the issue of sole managing conservatorship for the father, while not raised by his pleadings, was tried by implied consent and the trial court therefore did not err in appointing him sole managing conservator of the child). The father's sole issue on appeal is overruled.

Conclusion

Having overruled the father's appellate issues in both appeals, the final orders in

*In re T.A.L. and C.E.L.,* 2014-3451-5 (07-17-00274-CV), and in *In re T.S.,* 2014-154-5

(07-17-00275-CV) are affirmed.


James T. Campbell
Justice