

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00029-CV
_____

IN THE INTEREST OF C.A.C. AND K.M.C., CHILDREN

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2017-526,396, Honorable Ann-Marie Carruth, Presiding

December 14, 2022

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Mother,[1] appeals from the trial court's order in this modification proceeding, contending that the trial court abused its discretion by granting Father access to their children.  We affirm.

## BACKGROUND

Mother and Father were named as joint managing conservators of their two daughters, C.A.C. and K.M.C., in February of 2019.  In May of 2019, Father struck ten-

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Mother," to the appellee as "Father," and to the children by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d).

year-old C.A.C. with his hand, which led to an investigation by the Department of Family and Protective Services. The Department created a safety plan, which Mother signed, providing that Mother would not allow any unsupervised contact between Father and the children outside of the Department's offices. In December of 2019, Father pleaded guilty to the misdemeanor offense of assault arising from the May incident.[2] He was convicted and placed on community supervision for twenty-four months.

In June of 2020, Father filed a motion for enforcement of possession and access, asserting that the children had not been allowed to see him during several periods of visitation. Shortly thereafter, Mother filed a petition to modify the parent-child relationship, citing Father's conviction of an offense involving family violence. Mother sought to be named as sole managing conservator and to have Father removed as joint managing conservator. At the same time, Mother filed a petition to terminate the parent-child relationship, which was later withdrawn. The associate judge denied Father's motion to enforce and entered temporary orders appointing Mother as temporary managing conservator and Father as temporary possessory conservator. The orders required Father to have visits with the children in a therapeutic setting.

The final hearing on Mother's petition to modify was held in May of 2021 before the presiding judge. Following the hearing, the trial court issued a letter ruling naming Mother sole managing conservator and Father possessory conservator. Father was granted possession and access to the children under a stepped-up visitation schedule.

---

[2] *See* TEX. PENAL CODE ANN. § 22.01(a)(1).

The trial court denied Mother's motion to reconsider the letter ruling and signed the order at issue on December 17, 2021.  Mother then filed this appeal.[3]

## ANALYSIS

In her sole issue, Mother argues that the trial court, by granting Father access to the children, failed to comply with sections 156.1045 and 153.004 of the Texas Family Code, which require the trial court to take a history of family violence into account when making conservatorship and possession determinations.  *See* TEX. FAM. CODE ANN. §§ 153.004, 156.1045.[4]  When a trial court modifies conservatorship, we review that decision under an abuse of discretion standard.  *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *Nichol v. Nichol*, No. 07-12-00035-CV, 2014 Tex. App. LEXIS 492, at *7 (Tex. App.—Amarillo Jan. 15, 2014, no pet.) (mem. op.).  Abuse of discretion occurs when the trial court acts arbitrarily, unreasonably, and without reference to guiding principles.  *In re A.D.T.*, 588 S.W.3d 312, 319 (Tex. App.—Amarillo 2019, no pet.).  We will not disturb the trial court's decision unless the appellant establishes that the trial court so acted.  *In re M.S.F.*, 383 S.W.3d 712, 715 (Tex. App.—Amarillo 2012, no pet.).

Section 156.1045, entitled "Modification of Order on Conviction for Family Violence," provides:

> (a) The conviction . . . of a person who is a possessory conservator or a sole or joint managing conservator for an offense involving family violence is a material and substantial change of circumstances sufficient to justify a temporary order and modification of an existing court

---

[3] In his brief, Father asserts that Mother did not timely perfect her appeal.  Father's argument overlooks Mother's motion for extension of time to file notice of appeal, which we granted on February 3, 2022, pursuant to Texas Rule of Appellate Procedure 26.3.

[4] Further references to the Texas Family Code will be to "section __" or § __."

order . . . that provides for the appointment of a conservator or that sets the terms and conditions of conservatorship or for the possession of or access to a child to conform the order to the requirements of Section 153.004(d).

§ 156.1045(a). "It is a rebuttable presumption that it is not in the best interest of a child for a parent to have unsupervised visitation with the child if credible evidence is presented of a history or pattern" of family violence by that parent. § 153.004(e). Under section 153.004, a trial court "may not allow" a parent to have access to a child when it is shown that there is a history of family violence, *unless* the trial court (1) finds that awarding the parent access to the child would not endanger the child's physical health or emotional welfare and would be in the best interest of the child and (2) renders a possession order that is designed to protect the safety and well-being of the child and any other person who has been a victim of family violence committed by the parent. § 153.004(d), (d-1). The order may require that periods of access be continuously supervised by an entity or person chosen by the court. § 153.004(d)(2)(A).

The trial court found that Father has a history or pattern of committing family violence during the two-year period preceding the filing of this suit or during the pendency of this suit. It further found that awarding Father access to the children would not endanger the children's physical health or emotional welfare and would be in the best interest of the children.

The record includes evidence that Father misses spending time with the children and wants to have a positive relationship with them. The therapist that Father and the children visit testified that Father has shown "substantial improvement" in his relationship with the children. She stated that one of her goals was to help Father become "responsive

4

instead of reactive" to C.A.C., and that she has witnessed Father make that change. The therapist further testified that Father and K.M.C. have "a very good relationship."

The trial court's possession order requires Father to complete a parenting course, an anger management course, and ten joint counseling sessions with the children before any visitation begins. Following completion of those requirements, Phase 1 of the stepped-up visitation plan begins, during which Father may have supervised visitation through the Dispute Resolution Center twice a month for six months. After that six-month period, in Phase 2, Father may have unsupervised visitation one Saturday afternoon each month for six months. Then, in Phase 3, Father may have one overnight visit per month. The order provides for Father to return to the previous phase if he misses any visits in Phase 2 or Phase 3.

The trial court's order conditions Father's access to and visitation with his children on the completion of certain requirements. Further, it imposes a safety measure, supervision, on Father's visitation once it begins, and a measured approach to unsupervised visitation. Thus, we conclude that the order is designed to protect the safety and well-being of C.A.C. and K.M.C. as required by section 153.004(d-1). Mother has not shown that the trial court abused its discretion in granting Father access to the children under the conditions set forth in the order. *See, e.g., In re K.L.S.*, No. 11-21-00094-CV, 2022 Tex. App. LEXIS 975 at *23–24 (Tex. App.—Eastland Feb. 10, 2022, no pet.) (mem. op.) (where trial court made implied finding of history or pattern of family violence by mother, no abuse of discretion where trial court ordered that mother's access to child be limited and visitation with child be supervised); *see also In re S.A.H.*, 420 S.W.3d 911,

5

930 n.31 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (appellate courts give wide latitude to trial courts' determinations on possession and visitation issues).

## CONCLUSION

For the reasons set forth above, we overrule Mother's issue and affirm the judgment of the trial court.


Judy C. Parker
Justice