

In The

# Court of Appeals

## Seventh District of Texas at Amarillo

No. 07-23-00331-CV

IN THE INTEREST OF P.C.J., E.H.J., C.E.J., AND C.P.J., CHILDREN

On Appeal from the County Court at Law No. 1
Randall County, Texas
Trial Court No. 78223L1, Honorable Ron Enns,[1] Presiding

July 8, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant and father, P.J., appeals the trial court's modification of custody orders in favor of appellee and mother, A.J. Father raises the following issues: (1) the trial court abused its discretion in denying his unopposed motion for continuance after his attorney withdrew twenty days before trial; (2) the trial court erred in denying his pro se motion for continuance filed one week prior to trial; (3) the evidence was insufficient for the trial court to make a finding of child abuse and neglect; (4) the evidence was insufficient to support the trial court's modification of its conservatorship orders; (5) the evidence was insufficient

---

[1] Judge of the 69th Judicial District (ret.), sitting by assignment.

to support the trial court's lifting of the geographic restrictions in the custody order; and (6) the trial court erred in awarding mother attorney's fees when the evidence was insufficient. We affirm in part and reverse and remand in part.

## BACKGROUND

Mother and father were previously married and have four children: P.C.J., E.H.J., C.E.J., and C.P.J. Pursuant to a final decree of divorce entered in 2022, the residence of the children was restricted to Randall and Potter Counties, and mother was given the exclusive right to designate their primary residence. After the conclusion of the divorce proceeding, father filed grievances against not only his attorney, who he felt did an inadequate job in representing him, but also the court reporter, who he felt did not produce an accurate copy of the trial transcript. At that point, Father's divorce attorney ceased communicating with him and was not involved with the matter.

In 2023, mother filed a motion to modify the order. Father responded to the suit pro se due to the conflict with his divorce attorney. A month after mother's filing, father's divorce counsel moved to withdraw, and the trial court granted the motion without a hearing. Father continued to proceed pro se, answering the suit and filing his own counterclaims. A month before the trial date, father decided he wanted counsel and was able to find an attorney to represent him. However, two weeks later, father's new counsel also filed a motion to withdraw, citing a conflict of interest with mother.[2] The withdrawing attorney also filed on father's behalf a motion to continue to permit father to obtain other

_____
[2] The attorney apparently had represented mother in 2021.

2

counsel before trial.  Without a hearing, the trial court granted the withdrawal but denied the continuance.

Two weeks after the denial, the trial court held a hearing on a motion to compel discovery filed by mother.  On the day of the hearing, father suddenly filed a pro se motion for continuance as part of his answer to mother's suit.  At the hearing, father urged his motion for a continuance orally, representing he had found counsel who would represent him but was unable to attend the then-current trial date.  The judge sitting by assignment declined to disturb the presiding judge's denial of the previous motion.

At trial, father proceeded pro se while mother was represented by counsel.  Mother requested the trial court appoint her as the sole managing conservator and to remove the geographical restrictions in the final decree.  The evidence consisted of the testimony of father, the testimony of mother, and exhibits presented by mother which included videos and messages sent by father through the court-required messaging app.  At the close of the evidence, the trial court ordered mother the sole managing conservator of the children, removed the geographic restrictions in the final decree, and awarded mother attorney's fees based on father's "frivolous" pleadings.  Father's appeal followed.

**ISSUES ONE AND TWO—DENIAL OF MOTIONS FOR CONTINUANCE**

Father's first and second issues argue the trial court abused its discretion in denying his motions to continue.  Father argues, because his counsel was forced to withdraw due to a conflict of interest, he should have been afforded an opportunity to obtain replacement counsel prior to the trial on the matter.

3

## STANDARD OF REVIEW

This Court will not disturb a trial court's order denying a motion for continuance unless the trial court has committed a clear abuse of discretion. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (citing *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986)). A trial court "abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)).

Although generally a trial court's denial of a continuance is presumed to be within its discretion, there is no such presumption when the trial court permits an attorney to withdraw leaving a party unrepresented. *Villegas*, 711 S.W.2d at 626 (citations omitted). When a trial court allows an attorney to voluntarily withdraw, it must give the affected party time to secure new counsel and time for the new counsel to investigate and prepare for trial. *Id.* The trial court does not abuse its discretion in denying the motion if the evidence shows the party was negligent or responsible for causing the attorney to withdraw. *Id.*

## ANALYSIS

Father's attorney withdrew because of a pre-existing conflict of interest with mother. Father did not create the conflict and did not cause his attorney to withdraw; the attorney's own oversight was the reason for the withdrawal. Nonetheless, mother argues the trial court did not abuse its discretion because father still had two weeks to find an attorney and prepare for trial. She also points out father agreed to the trial date, and

4

therefore he should have exercised diligence in seeking and retaining counsel. We agree with mother.

This case presents a unique set of facts which require context. Father had to begin the present proceeding pro se, having created discord between himself and his divorce attorney. Though not at fault for the withdrawal of his subsequent counsel, father's actions left him without counsel at the beginning of this proceeding. Having had an attorney and gone through a divorce less than a year prior to this proceeding, father was very familiar with the necessity for counsel, particularly in the family law setting. Father was not a "novice" who was simply thrown into a lawsuit without full appreciation of the procedures and consequences of the proceedings. From the beginning, it appears father was ready to proceed pro se. The record demonstrates, through his various communications with mother, father had the utmost confidence in his ability to represent himself, stating at one point he would kick mother's attorney's "a**" at trial. He did not communicate to mother or her attorney any wish to delay the proceedings in order to be adequately represented by counsel.

As mother contends, father agreed to the trial date before he engaged counsel, and his substitute counsel was prepared to go to trial less than thirty days before the trial setting. Although not ideal, the willingness of his substitute counsel to go forward without requesting a continuance demonstrates twenty days was adequate for retaining new counsel and to prepare for trial. This is particularly true in this case, where the issues are well known by the parties and have been litigated over the course of years. Father only re-urged his motion a week prior to trial, and there is no indication in the record he apprised the trial court of his activities in attempting to get new counsel, nor did he give a

clear rationale as to why he suddenly needed counsel after confidently proceeding pro se for months. Under the circumstances, father's own lack of diligence led to his pro se representation at trial.

Accordingly, we find the trial court did not abuse its discretion in denying father's motion for continuance. We overrule his first and second issues.

**ISSUES THREE, FOUR, AND FIVE—SUFFICIENCY OF THE EVIDENCE FOR MODIFICATION**

Father's next three issues challenge the sufficiency of the evidence supporting the modification order. His issue three argues the evidence was legally insufficient to support the trial court's finding he "engaged in a history of [sic] pattern of child abuse and neglect." His fourth issue challenges the sufficiency of evidence to support making mother the sole managing conservator, while issue five challenges the sufficiency of evidence to support the lifting of the geographic restriction in the prior order.

**STANDARD OF REVIEW**

A trial court may order a modification of a prior order when modification would be in the best interest of the children *and* the circumstances of the children or conservator have materially and substantially changed since rendition of the prior order. *M.S.F. & M.S.F.*, 383 S.W.3d 712, 715 (Tex. App.—Amarillo 2012, no pet.) (citing TEX. FAM. CODE ANN. § 156.101(a)).

A legal sufficiency challenge to the evidence supporting an adverse finding of fact on an issue for which the appellant did not have the burden of proof requires the appellant to show that no evidence supports the adverse finding. *Stone Contractors, Inc. v. Striley*,

No. 07-20-00266-CV, 2022 Tex. App. LEXIS 749, at *8 (Tex. App.—Amarillo Feb. 1, 2022, no pet.) (mem. op.) (citations omitted).  When reviewing the record, we view the evidence in the light most favorable to the finding, considering only the evidence and inferences that support the finding and disregarding all evidence and inferences to the contrary.  *Id.*  If more than a scintilla of evidence exists to support the finding of fact, the legal sufficiency challenge will not prevail.  *Id.*  In reviewing a factual sufficiency challenge, we examine all the evidence and set aside the finding only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.  *Id.* at *9.

In an appeal from a bench trial, findings of fact have the same weight as a jury's verdict.  *Id.* at *7.  We do not substitute our judgment for that of the factfinder, even if we would have reached a different conclusion when reviewing the evidence.  *Id.* at *8.  A trial court's findings of fact are binding on the appellate court unless challenged on appeal.  *Id.*

## ANALYSIS

Regarding the finding of child abuse and neglect, mother presented more than a scintilla of evidence of emotional abuse of the children.  She presented videos showing father manipulating his daughter into sending a message to mother and withholding a track shirt to the point she cried.

Mother also presented the following evidence in support of the modification:

- harassing messages from father;
- father's statements he was purposefully uncooperative; and

7

- the fact she had to change her place of work.

The trial court had some evidence to support its findings, and we are not permitted to disturb those findings.

But the trial court also made several additional findings of fact, including father:

1. attempted to alienate one or more of the children from mother;

2. refused to co-parent with mother;

3. made decisions and/or statements regarding mother and/or the children that upset or humiliated them;

4. harassed mother at her place of work; and

5. failed to provide necessary and reasonable medical attention to one or more of the children.

We are bound to accept the above recitations of fact because father does not challenge them. Even if we were to find the evidence insufficient to substantiate the child abuse/neglect finding, the remaining unchallenged fact findings demonstrate a substantial and material change in circumstances permitting the modification. The trial court also concluded the modification was in the best interest of the children, which father also does not challenge.

With the unchallenged findings and viewing the evidence in the light most favorable to the judgment, we can only conclude the trial court had sufficient evidence to support its judgment. Father's third, fourth, and fifth issues are overruled.

**ISSUE SIX—SUFFICIENCY OF THE EVIDENCE OF ATTORNEY'S FEES**

For his final issue, father attacks the trial court's award of attorney's fees for lack of sufficient evidence. We agree.

**STANDARD OF REVIEW**

When reviewing a trial court's award of attorney's fees, we must ensure the record contains sufficient evidence to support such an award. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020) (citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 505 (Tex. 2019)). The party seeking attorney's fees bears the burden of proof and must supply enough facts to support the reasonableness of the amount awarded. *Yowell,* 620 S.W.3d at 354 (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762–63 (Tex. 2012)). If there is insufficient evidence in the record to uphold the trial court's award of those fees, we must reverse. *Yowell,* 620 S.W.3d at 354 (citing *El Apple*, 370 S.W.3d at 763–64). Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services. *Webb v. Dynamic Jmc Builders*, No. 07-22-00247-CV, 2023 Tex. App. LEXIS 4536, at *10 (Tex. App.—Amarillo June 27, 2023, no pet.) (mem. op.) (citing *Rohrmoos Venture*, 578 S.W.3d at 498). Without the details regarding the work done, time spent on tasks, and how fees were calculated, testimony lacks the substance required to uphold a fee award. *Rohrmoos Venture*, 578 S.W.3d at 505.

Attorney's fees must be supported by evidence which demonstrates both that they were reasonable and necessary. *In the Interest of A.L.C.*, No. 07-21-00203-CV, 2023 Tex. App. LEXIS 3017, at *11 (Tex. App.—Amarillo May 4, 2023, no pet.) (mem. op.) (citing *Rohrmoos Venture* 578 S.W.3d at 498; *Yowell*, 620 S.W.3d at 354). The only evidence about attorney's fees presented at trial was through mother's testimony. Mother stated only the amount of attorney's fees she had incurred. The record is devoid of any of the other lodestar factors necessary to determine whether the fee charged was reasonable and necessary.

This evidence is insufficient as a matter of law to support the award of attorney's fees. The remedy when the evidence of attorney's fees is insufficient is to remand the issue for redetermination by the trial court. *Silva-Jones v. Hobbs*, No. 07-22-00230-CV, 2023 Tex. App. LEXIS 3450, at *10 (Tex. App.—Amarillo May 22, 2023, no pet.) (mem. op.) (citations omitted). We sustain father's sixth issue.

## CONCLUSION

The trial court abused its discretion in its award of attorney's fees. We reverse the judgment only as to the amount of attorney's fees awarded, affirm the remainder of the judgment, and remand for further proceedings in accordance with this opinion.

Alex Yarbrough
Justice

Parker, J., concurs in the result.